IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

-----------------------------------------------------------------x

PBB GROUP INC. d/b/a ABC WHOLESALE,
                           Plaintiff,

v.                                                       Civil No. 3:25-cv-2681___
                                                        **COMPLAINT**
                                                        **JURY TRIAL**
                                                        **DEMANDED**

KUNAL GULATI;

MAHADEV INTERNATIONAL INC.;

CANDICE COMBS;

KARAN GULATI;

SIMRAN KAUR;

MK DISTRO LLC;

GURU JII INC.;

BATTU PRAMOD REDDY;

MOHAMMED HABEEB KHAN;

ZEESHAN MOHAMMED;
                           Defendants.
-----------------------------------------------------------------x

## PLAINTIFF'S ORIGINAL COMPLAINT

      Plaintiff PBB Group Inc. d/b/a ABC Wholesale ("Plaintiff" or "ABC Wholesale"), by and through its undersigned counsel, files this Complaint against Defendants and alleges as follows:

### I.
### INTRODUCTORY STATEMENT

1

1. This action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and Texas law. Plaintiff PBB Group Inc. d/b/a ABC Wholesale ("PBB/ABC"), owned solely by Director Prajjwol Acharya, brings this action to redress a multi-year enterprise led by Defendant Kunal Gulati. Defendant Kunal Gulati infiltrated ABC Wholesale under false pretenses, obtained insider access, and orchestrated an enterprise that diverted company cash and inventory, laundered proceeds, fabricated corporate governance documents, and obstructed justice—even after entry of a state-court injunction.

2. Kunal Gulati, prior to his formal employment, had already cultivated a relationship with PBB Group Inc. through a pattern of purchases from ABC Wholesale, typically ranging from $5,000 to $30,000 per order. He consistently sought and obtained credit terms, avoiding cash payments and strategically settling his balances only immediately before placing new orders. This behavior both secured him ongoing credit extensions and ingratiated him with the company's operations.

3. Shortly after PBB Group Inc. successfully exhibited at a Las Vegas trade show and secured new sales orders. PBB GROUP's sales were increasing rapidly and needed more working staff and customer service professionals. Gulati directly approached Director Prajjwol Acharya to seek employment. At that time, Acharya was hiring new employees at salaries of $3,500–$4,000 per month due to increasing sales. Based on Gulati's representations of financial hardship from his failing wholesale glass pipe and vape business in Bedford, Texas, and his assurance that his wife could manage that venture, Acharya extended him a position as a purchasing and sales assistant at $5,000 per month as he requested, without commissions—slightly higher than others but justified by Gulati's stated circumstances. This role, obtained under false pretenses of need and expertise, gave Gulati internal access to sensitive company finances, operations, and records, which he then

2

exploited to initiate predicate acts of racketeering, including unauthorized bank account access and the fraudulent incorporation of competing entities, all in violation of 18 U.S.C. § 1961 (**RICO Predicate**) et seq.

## II.
## PARTIES

4. Plaintiff PBB Group Inc. d/b/a ABC Wholesale is a Texas corporation headquartered in Dallas, Texas.

5. Defendant Kunal Gulati is a Texas resident who orchestrated and directed the enterprise.

6. Defendant Mahadev International Inc. is a Texas corporation registered by Kunal Gulati and used as a diversion and laundering vehicle.

7. Defendant Candice Combs is a Texas resident who served as bookkeeper for Plaintiff and manipulated accounts.

8. Defendant Karan Gulati is a Texas resident who operated MK Distro LLC to re-invoice diverted inventory.

9. Defendant Simran Kaur is a Texas resident and spouse of Defendant Kunal Gulati who participated in diversions and loan fraud.

10. Defendant MK Distro LLC is a Texas LLC used to re-invoice Plaintiff's inventory.

11. Defendant Guru Jii Inc. is a Texas entity used to launder diverted funds.

12. Defendant Battu Pramod Reddy is a Texas resident who altered Plaintiff's accounting systems to hinder traceability.

13. Defendant Mohammed Habeeb Khan is a Texas resident who transported Plaintiff's inventory using vehicles.

14. Defendant Zeeshan Mohammed is a Texas resident who deleted invoices and falsified records.

## III.
## JURISDICTION AND VENUE

15. This action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and related state law claims.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367.

17. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District and Defendants reside or conduct business here.

## IV.
## FACTUAL BACKGROUND

18. Plaintiff invested over $1.4 million into ABC Wholesale, documented by deposits and records.

19. Defendants infiltrated Plaintiff under false pretenses, obtained insider access, and orchestrated the diversion of funds, inventory, and control of Plaintiff's operations.

20. Defendants collectively engaged in acts of fraud, theft, money laundering, and obstruction in violation of federal and Texas law.

21. Prajjwol Acharya personally funded the incorporation and capitalization of PBB Group/ABC Wholesale with over $1.4 million in personal funds, documented by deposits, bank records, and photographs.[1]

22. Acharya filed all necessary Secretary of State and assumed name certificates establishing PBB Group Inc. and its DBA, ABC Wholesale.[2]

---

[1] (Exhibit 1); (Exhibit 2); (Exhibit 3); (Exhibit 4); (Exhibit 5); (Exhibit 6); (Exhibit 7); (Exhibit 8); (Exhibit 9); (Exhibit 10); (Exhibit 11)
[2] (Exhibit 12); (Exhibit 13); (Exhibit 14); (Exhibit 15); (Exhibit 16)

23. In May 2022, Gulati surreptitiously opened a Chase Bank account in the name of Mahadev International Inc., without Acharya's consent or knowledge, depositing $1,000 and transferring $842 from PBB Group accounts[3] violating 18 U.S.C. § 1343 (**Wire Fraud**); 18 U.S.C. § 1344 (**Bank Fraud**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

24. Gulati and his agents fabricated multiple sets of bylaws and corporate documents purporting to alter ownership structures, including one by H&M Tax showing Gulati as sole owner, and another produced by attorney Ackles showing a 51/49 split. These were concealed from Acharya until 2025[4] violating 18 U.S.C. § 1343 (**Wire Fraud**); Mail Fraud 18 U.S.C. § 1341(**Mail Fraud**)

25. Attorney Joseph E. Ackels Jr. is a material witness who prepared contradictory bylaws and minutes in March 2022 and September 2022, which Defendant Kunal Gulati later used to assert false control of PBB Group Inc.'s assets. Those documents contained defects including missing secretary signatures, missing corporate seals, inconsistent fonts, and improper notary acknowledgments. Despite drafting those disputed documents, Attorney Joseph E. Ackels Jr. subsequently appeared as counsel of record for Defendant Kunal Gulati in litigation against Director Prajjwol Acharya. By representing one side in an internal corporate dispute while also being a material witness, Attorney Joseph E. Ackels Jr. violated the Texas Disciplinary Rules of Professional Conduct, which prohibit attorneys from representing conflicting interests or acting as counsel where the lawyer is also a necessary witness. He is not named as a defendant in this complaint but is a material witness to these events.

---

[3] (Exhibit 17)
[4] (Exhibit 18); (Exhibit 73); (Exhibit 74)

26. On April 9, 2025, Gulati sent an email to attorney Kelvin Roquemore, who was representing Prajjwol Acharya at the time, stating that he just received the bylaws from his CPA. Gulati did not inform Roquemore that he was represented by an attorney. On May 22, 2025, Gulati's attorney Joseph E. Ackels sent an email to Roquemore notifying that he had been retained by Gulati, and on May 23, 2025, Ackels emailed Roquemore a copy of bylaws dated September 15, 2022, which is a different bylaws from the one allegedly prepared by Gulati's CPA.

27. Gulati did not disclose that he had an attorney. He did not disclose Ackles had previously prepared corporate documents (bylaws, minutes, share distribution documents), and only stated that he had to get bylaws from his CPA.

28. Ackels providing previously prepared corporate documents was suspicious because Gulati represented that he had to get bylaws from his CPA and later stated that he received bylaws from CPA. However, then Ackels provided corporate documents including a different bylaws that were drafted and prepared by him.

29. ABC Wholesale signage, payment receipts, and permits from the City of Dallas establish Plaintiff's control and investment in the business. [5]

30. Inventory photographs and counts from 2020–2022 show over a million dollars of dollars in goods on hand, including a January 26, 2022 count valuing inventory at $1.4 million cost.[6]

31. On March 2023, Gulati wired $60,000 from ABC Wholesale's bank account to Chicago Title of Texas LLC, falsely representing it was ABC Wholesale's investment[7] violating 18 U.S.C. § 1343 (**Wire Fraud**)

---

[5] (Exhibit 19); (Exhibit 20); (Exhibit 21); (Exhibit 22); (Exhibit 23)
[6] (Exhibit 24); (Exhibit 25); (Exhibit 26); (Exhibit 27); (Exhibit 28); (Exhibit 29); (Exhibit 30); (Exhibit 31)
[7] (Exhibit 80)

32. Gulati directed multiple wire transfers to Chinese suppliers in amounts exceeding $20,000, but ABC Wholesale received less than $5,000 in goods in return[8] violating 18 U.S.C. § 1343 (**Wire Fraud**)

33. A July–August 2025 summary shows $625,705 in vape purchases by Gulati on behalf of ABC Wholesale.[9]

34. On August 27, 2025, shipment records show 1,020 boxes of vape product received, but only 230 recorded as sold, leaving approximately 790 boxes unaccounted for[10] violating 18 U.S.C. § 659 (**Theft from Interstate Shipment**)

35. Photographs show Gulati's unauthorized workers loading U-Haul trucks with ABC Wholesale inventory, diverting it to undisclosed locations. Payroll and time records confirm payment to these unauthorized workers[11] violating 18 U.S.C. § 659 (**Theft from Interstate Shipment**); Texas Penal Code § 31.03 (**Theft**); 8 U.S.C. § 1324a (**Employment of Unauthorized Aliens**)

36. In July 2025, despite warnings that vape products would be banned in Texas effective September 1, 2025, Gulati continued ordering product, diverting it for resale in other states.[12]

37. Cash withdrawal records show Gulati withdrew $188,514 in 2022; $828,874 in 2023; and $1,151,681 between January and July 2025. He also funneled $29,215 to Mehul of DXC Wholesale[13] violating 18 U.S.C. § 1343 (**Wire Fraud**); Texas Penal Code § 31.03 (**Theft**)

---

[8] (Exhibit 31); (Exhibit 32); (Exhibit 33)
[9] (Exhibit 42)
[10] (Exhibit 43)
[11] (Exhibit 45); (Exhibit 46); (Exhibit 47); (Exhibit 48); (Exhibit 49); (Exhibit 50); (Exhibit 61); (Exhibit 62); (Exhibit 63); (Exhibit 72)
[12] (Exhibit 42); (Exhibit 51);
[13] (Exhibit 52); (Exhibit 53); (Exhibit 54); (Exhibit 55);

38. Accounts payable and receivable summaries from 2024–2025 and analysis was done to demonstrate over $1.44 million in missing funds within three months[14] violating 18 U.S.C. § 1343 (**Wire Fraud**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

39. Emails and records show Gulati repeatedly blocked Acharya's access to sales and accounting systems in violation of injunctions, ignoring repeated requests for compliance[15] violating Texas Civil Practice & Remedies Code § 65 (**Injunction Violations**)

40. The Gulati Enterprise consists of Defendant Gulati and Mahadev International Inc. who together formed an association-in-fact enterprise as defiled in 18 U.S.C. § 1961(4). The purpose of this Enterprise was to misappropriate Plaintiff's funds, divert Plaintiff's inventory, launder illicit proceeds, and seize control of Plaintiff's business operations.

41. All other Defendants named therein acted as complicit participants who knowingly furthered the objective of the Gulati Enterprise. Their roles, though varied, were directed toward the same unlawful goal of stripping Plaintiff of its business, inventory, and cash. Accordingly, they are liable both for their direct predicate acts under 18 U.S.C. § 1962(c) and for conspiracy liability under 18 U.S.C. § 1962(d).

42. The Gulati Enterprise further engaged in a pattern of racketeering activities within the meaning of 18 U.S.C. § 1961(5), consisting of repeated acts of wire fraud, mail fraud, bank fraud, theft from interstate shipments, money laundering, and violations of Texas Penal Code §§ 31.03 and 32.45. These predicate acts were related, continuous, and committed for the common purpose of defrauding Plaintiff, diverting corporate assets, and enriching Defendants at Plaintiff's expense.

---

[14] (Exhibit 56); (Exhibit 57); (Exhibit 58); (Exhibit 59);
[15] (Exhibit 65); (Exhibit 66); (Exhibit 67); (Exhibit 68); (Exhibit 69); (Exhibit 70); (Exhibit 71)

**Predicate Act No. 1**

43. Gulati secretly opened a Chase Bank account in the name of Mahadev International Inc. without Acharya's consent. He seeded the account with $1,000 of PBB Group's funds, then repeatedly transferred $842 from PBB accounts into this unauthorized account. Gulati diverted PBB's revenue and withdrew large sums of cash. Chase Bank later closed this account on suspicion of fraud, as there was an absence of Acharya's required signature or corporate authorization. [16]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); 18 U.S.C. § 1344 (**Bank Fraud**); 18 U.S.C. § 1961 (**RICO Predicate**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

**Predicate Act No. 2**

44. In March 2023, Gulati wired $60,000 from ABC Wholesale's account to Chicago Title of Texas LLC, falsely representing it was ABC Wholesale's investment.[17]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); Texas Penal Code § 31.03 (**Theft**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

**Predicate Act No. 3**

45. Emails and communications demonstrate that Kunal Gulati, together with his wife Simran Kaur, a representative from One World Bank, and a Realtor, actively sought to remove Prajjwol Acharya's name from corporate documents as director in order to secure approval of the Granbury commercial property loan. Defendants engaged in intentional deceit. The diverted funds from ABC Wholesale/PBB Group were funneled into this property purchase.[18]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); 18 U.S.C. § 1014 (**Loan Fraud**); Texas

---

[16] (Exhibit 17), (Exhibit 53), (Exhibit 54)
[17] (Exhibit 80)
[18] (Exhibits 76, 77, 78)

Penal Code § 31.03 (**Theft**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**); 18 U.S.C. § 1344 (**Bank Fraud**); 18 U.S.C. § 1956 (**Money Laundering**)

**Predicate Act No. 4**

46. Gulati, together with his wife Simran Kaur, diverted funds from ABC Wholesale/PBB Group to finance the purchase of Granbury commercial property. Emails and loan records show Simran Kaur as a co-participant in this fraud, which disguised stolen business revenue as legitimate investment.[19]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); 18 U.S.C. § 1014 (**Loan Fraud**); 18 U.S.C. § 1344 (**Bank Fraud**); 18 U.S.C. § 1956 (**Money Laundering**); Texas Penal Code § 31.03 (**Theft**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

**Predicate Act No. 5**

47. Defendants Simran Kaur, Kunal Gulati, and their controlled entity, Guru Jii Inc., knowingly executed a pattern of racketeering activity by employing a non-operational entity, "Mahadev International Inc.," to fraudulently secure financing from One World Bank for a property acquisition.

48. Without the consent of both directors named in Mahadev International Inc.'s formation documents, including Prajjwol Acharya, who never authorized a resolution permitting Mahadev to obtain such financing as required by One World Bank, nor provided a signed resignation to relinquish his directorship, Defendants misappropriated the trade name "ABC Wholesale" and proprietary financial data of PBB Group Inc. DBA ABC Wholesale, a Texas corporation with established goodwill, to deceive One World Bank into approving the loan based on PBB's business and financial credentials.

---

[19] (Exhibits 76, 77, 78)

49. One World Bank, complicit through its failure to verify Acharya's directorship status despite Gulati's unauthorized filing with the Texas Secretary of State in November 2024 falsely claiming Acharya's removal, and through its approval of the assignment of the purchase agreement to Guru Jii Inc., another non-operational entity lacking business activity to qualify for such financing, facilitated Defendants' scheme to launder stolen funds.

50. The bank's deliberate failure to conduct required Anti-Money Laundering (AML), Know Your Customer (KYC), and Customer Due Diligence (CDD) protocols under the Bank Secrecy Act (31 U.S.C. § 5318(h)-(i), (l); 31 C.F.R. § 1010.230), including neglecting to verify Mahadev's and Guru Jii Inc.'s operational status, the authenticity of the purported resolution, and the legitimacy of Defendants' authority, as evidenced by electronic communications revealing systemic oversight failures, enabled Defendants' racketeering, theft, embezzlement, and money laundering.

Statutes Violated:

51. These lapses establish One World Bank's role as an enabler, supporting liability for aiding and abetting under 18 U.S.C. § 2, and amplify RICO predicate acts, causing substantial harm to PBB Group Inc.'s operations and goodwill.

Statutes Violated: 18 U.S.C. § 1344 (**Bank Fraud**); 18 U.S.C. § 1343 (**Wire Fraud**); 18 U.S.C. § 1956 (**Money Laundering**)

   **Predicate Act No. 6**

52. Gulati and his agents fabricated multiple sets of bylaws and corporate documents purporting to alter ownership structures, including one by H&M Tax showing Gulati as sole owner, and another produced by attorney Ackles showing a 51/49 split. These were concealed

until 2025.[20]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); 18 U.S.C. § 1341 (**Mail Fraud**)

**Predicate Act No. 7**

53. Deleted Invoices explicitly alleges that Defendant Zeeshan Mohammed deleted invoices from PBB's accounting systems, falsified documents, and concealed transactions to suppress receivables and enable theft/diversion. It shows deliberate concealment, not just diversion, by eliminating record of the actual transaction and obstructing justice by deleting evidence.

Statutes Violated: Texas Penal Code § 31.03 (**Theft**);

**Predicate Act No. 8**

54. Battu Promod Reddy allegedly switched PBB's accounting systems in Sept 2024 to hide receivables and records. Acharya personally observed him setting up the Zoho accounting system with Zeeshan Mohammed assisting him after returning back from China. Acharya had a conversation with Alok Patel, a company Sales Agent, that Battu Promod Reddy was the one who swapped the accounting system.

**Predicate Act No 9**

55. Gulati directed multiple wire transfers to Chinese suppliers in amounts exceeding $20,000, but ABC Wholesale received less than $5,000 in goods in return.[21]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**)

**Predicate Act No. 10**

56. SOS filings show MK Distro LLC formed in July 2025 and Unicycle form naming Karan Gulati as president and Kunal Gulati as CFO. Gulati installed MK Distro as a vendor to ABC

---

[20] (Exhibit 18), (Exhibit 73), (Exhibit 74)
[21] (Exhibit 32), (Exhibit 33), (Exhibit 31)

Wholesale, self-dealing invoices paid to his own entity.[22]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

### Predicate Act No. 11

57. A July–August 2025 summary shows $625,705 in vape purchases by Gulati on behalf of ABC Wholesale.[23]

### Predicate Act No. 12

58. On August 27, 2025, shipment records show 1,020 boxes of vape product received, but only 230 recorded as sold, leaving approximately 790 boxes unaccounted for.[24]

Statutes Violated: 18 U.S.C. § 659 (**Theft from Interstate Shipment**)

### Predicate Act No. 13

59. Photographs show Gulati's unauthorized illegal alien workers loading U-Haul trucks with ABC Wholesale inventory, diverting it to undisclosed locations. Payroll and time records confirm payment to these unauthorized workers.[25]

Statutes Violated: 18 U.S.C. § 659 (**Theft from Interstate Shipment**); Texas Penal Code § 31.03 (**Theft**)

### Predicate Act No. 14

60. Cash withdrawal records show Gulati withdrew $188,514 in 2022; $828,874 in 2023; and $1,151,681 between January and July 2025. He also funneled $29,215 to Mehul of DXD

---

[22] (Exhibit 35), (Exhibit 36), (Exhibit 37), (Exhibit 38), (Exhibit 39), (Exhibit 40), (Exhibit 41), (Exhibit 34)
[23] (Exhibit 42)
[24] (Exhibit 43)
[25] (Exhibit 45), (Exhibit 46), (Exhibit 47), (Exhibit 48), (Exhibit 49), (Exhibit 50), (Exhibit 51), (Exhibit 61), (Exhibit 62), (Exhibit 63), (Exhibit 72)

Wholesale.[26]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); Texas Penal Code § 31.03 (**Theft**)

### Predicate Act No. 15

61. Accounts payable and receivable summaries from 2024–2025 and analysis was done to demonstrate over $1.44 million in missing funds within three months.[27]

Statutes Violated: 18 U.S.C. § 1343 (**Wire Fraud**); Texas Penal Code § 32.45 (**Misapplication of Fiduciary Property**)

### Predicate Act No. 16

62. In July 2025, despite warnings that vape products would be banned in Texas effective September 1, 2025, Gulati continued ordering product using over $100,000 of PBB funds illegally, diverting it for resale in other states for his own personal benefit.

Statutes Violated: Texas Penal Code § 31.03 (**Theft**)

### Predicate Act No. 17

63. Predicate act for additional shell company use of fixtures purchased by Plaintiff for ABC Wholesale but diverted to Gulati's retail stores.[28]

Statutes Violated: Texas Penal Code § 31.03 (**Theft**) 18 U.S.C. § 659 (**Theft from Interstate Shipment**)

### Predicate Act No. 18

64. Photographs and financial records show Gulati's enrichment: a new $600,000 house, commercial property, and retail stores (including David Mart, Plano store, and Stub & Sub)

---

[26] (Exhibit 52), (Exhibit 53), (Exhibit 54) (Exhibit 55),
[27] (Exhibit 60)
[28] (Exhibit 79)

funded with stolen funds and stolen fixtures from China orders.[29]

Statutes Violated: 18 U.S.C. § 1956 (**Money Laundering**); 18 U.S.C. § 1961 (**RICO Predicate**)

**Predicate Act No. 19**

65. Emails and records show Gulati repeatedly blocked Acharya's access to sales and accounting systems in violation of injunctions, ignoring repeated requests for compliance.[30] These actions were part of a scheme to defraud PBB Group Inc. by concealing Gulati's embezzlement and theft.

Statutes Violated: Texas Civil Practice & Remedies Code § 65 (**Injunction Violations**); Texas Penal Code § 31.03 (**Theft**)

## V.
## COUNT I – RICO VIOLATION
## (18 U.S.C. § 1962(c))

66. Plaintiff repeats and realleges the foregoing paragraphs.

67. Defendants conducted or participated in the affairs of an enterprise through a pattern of racketeering activity.

68. Predicate acts include wire fraud, bank fraud, mail fraud, theft from interstate shipment, and money laundering.

## VI.
## COUNT II – RICO CONSPIRACY (18 U.S.C. § 1962(d))

69. Plaintiff repeats and realleges the foregoing paragraphs.

70. Defendants knowingly conspired to violate 18 U.S.C. § 1962(c).

## VII.
## COUNT III – WIRE FRAUD
## (18 U.S.C. § 1343)

---

[29] (Exhibit 64)
[30] (Exhibit 65), (Exhibit 66), (Exhibit 67), (Exhibit 68), (Exhibit 69), (Exhibit 70), (Exhibit 81), (Exhibit 82), (Exhibit 84), (Exhibit 85), (Exhibit 86), (Exhibit 87), (Exhibit 88)

71. Plaintiff repeats and realleges the foregoing paragraphs.

72. Defendants devised a scheme to defraud Plaintiff and transmitted or caused to be transmitted wire communications in interstate commerce.

## VIII.
## COUNT IV – MAIL FRAUD
## (18 U.S.C. § 1341)

73. Plaintiff repeats and realleges the foregoing paragraphs.

74. Defendants used the U.S. mail to execute or attempt to execute fraudulent schemes against Plaintiff.

## IX.
## COUNT V – BANK FRAUD
## (18 U.S.C. § 1344)

75. Plaintiff repeats and realleges the foregoing paragraphs.

76. Defendants knowingly executed or attempted to execute schemes to defraud financial institutions in connection with Plaintiff's assets.

## X.
## COUNT VI – THEFT
## (Tex. Penal Code § 31.03)

77. Plaintiff repeats and realleges the foregoing paragraphs.

78. Defendants unlawfully appropriated property belonging to Plaintiff with intent to deprive Plaintiff of its property.

## XI.
## COUNT VII – MISAPPLICATION OF FIDUCIARY PROPERTY
## (Tex. Penal Code § 32.45)

79. Plaintiff repeats and realleges the foregoing paragraphs.

80. Defendants, in their fiduciary capacity, misapplied property entrusted to them.

## XII.
## DAMAGES & ATTORNEY'S FEES

81. Actual damages caused by Defendants' conducts;

82. Exemplary damages for Defendants' conducts;

83. Reasonable attorney's fees, costs of court, and costs.

## XIII.
## **PRAYER FOR RELIEF**

84. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and award:

85. Compensatory damages in an amount to be determined at trial;

86. Treble damages under 18 U.S.C. § 1964(c);

87. Disgorgement of all ill-gotten gains;

88. Attorney's fees and costs;

89. Such other relief as the Court deems just and proper.

## XII.
## **JURY DEMAND**

90. Plaintiff demands a trial by jury on all issues, claims, counts, and causes of action that may by law be submitted to such said jury.

Respectfully Submitted

By: */s/ William Chu*
**William Chu**
SBN: 04241000
wmchulaw@aol.com
**LAW OFFICES OF WILLIAM CHU**
4455 LBJ Freeway, Suite 1008
Dallas, Texas 75244
(T) 972-392-9888
(F) 972-392-9889
**ATTORNEY FOR PLAINTIFF**