UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PBB GROUP INC. d/b/a ABC WHOLESALE<br><br>        *Plaintiff,*<br><br>v.<br><br>KUNAL GULATI, MAHADEV INTERNATIONAL INC., CANDICE COMBS, KARAN GULATI, SIMRAN KAUR, MK DISTRO LLC, GURU JII INC., BATTU PRAMOD REDDY, MOHAMMED HABEEB KHAN, ZEESHAN MOHAMMED,<br><br>        *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-CV-02681-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Kunal Gulati (Gulati), Mahadev International, Inc. (Mahadev), Guru Jii, Inc. (Guru), and Candace Combs (Combs)[1] (collectively "Defendants") motion to dismiss PBB Group Inc.'s (PBB Group) complaint.  In the alternative to dismissal for failure to state a claim, Defendants' requested dismissal based on *Colorado River* abstention.[2]  After reviewing the applicable law, the Court **GRANTS** the motion to dismiss as to the RICO Claims, and **DISMISSES WITHOUT PREJUDICE** Counts I and II.  The Court **DISMISSES WITH PREJUDICE** the criminal law claims.

---

[1] Defendants Karen Gulati, MK Distro LLC, Battu Pramrod Reddy, and Zeeshan Mohammad did not join the motion to dismiss.

[2] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

The Court **DENIES** the motion to dismiss for *Colorado River* abstention, and **STAYS** this case. PBB Group's deadline to file an amended complaint fixing the deficiencies identified by this order shall be 28 days after the resolution of the state case. The parties **SHALL** file a joint status report updating the Court on the progress of the state court litigation every 6 months.

## I.  Background

This case is about a business and employment relationship between Gulati, Mahadev, and PBB Group.

PBB Group is a Texas corporation owned solely by Prajjwol Acharya ("Acharya"). Acharya hired Gulati as a purchasing and sales assistant for PBB Group, which gave him access to company finances and records. Defendant Mahadev is a Texas corporation registered to Gulati in which there is an ownership dispute between Gulati and Acharya.

PBB Group alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 USC § 1962(c), which prohibits participating in a RICO enterprise's affairs through a pattern of racketeering, and § 1962(d), prohibiting conspiring to violate RICO. PBB Group's alleges several predicate acts: wire fraud, bank fraud, misapplication of fiduciary property, theft, loan fraud, money laundering, and theft from interstate shipment. During Gulati's employment with PBB Group and within his role with Mahadev, PBB Group alleges that Gulati orchestrated a RICO enterprise, consisting of Gulati and Mahadev, that diverted PBB Group's money and inventory, laundered company proceeds, fabricated corporate

governance documents, and committed various fraudulent acts. PBB Group also alleges the participation of the remaining Defendants in certain predicate acts of the alleged RICO enterprise. Defendants seek to dismiss all claims against Gulati, Mahadev, Guru Jii, and Combs for failure to state a claim.

## II. Legal Standard

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[3] The complaint must allege acts sufficient "to state a claim to relief that is plausible on its face."[4] And there must be sufficient facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] In its evaluation, the Court construes the complaint liberally in favor of the plaintiff and accepts all well pled facts in the complaint as true.[6] Conclusory statements or legal conclusions are not credited.[7]

## III. Analysis

Defendants contend that all PBB Group's claims fail under Rule 12(b)(6). The Court takes each in turn.

### A.    Count I – 18 U.S.C. §1962(c)

Section 1962(c) states "a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of

---

[3] FED. R. CIV. P. 12(b)(6).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *See Ashcroft*, 556 U.S. at 678.

racketeering activity."[8]  So a RICO violation requires three elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise."[9]

PBB Group's claim fails on each element.

### 1. Distinction Between RICO Enterprise and Enterprise Persons

PBB Group failed to sufficiently plead a distinction between the alleged RICO enterprise—the Gulati Enterprise—and the enterprise persons, Gulati and Mahadev.

Section 1962(c) prohibits any "person" employed by or associated with an "enterprise" from conducting or participating in the enterprise's affairs through a pattern of racketeering activity.[10]

A defendant may be both a person and *part* of an enterprise, if the individual defendant remains distinct from the enterprise entity.[11]  But the defendant cannot be the "enterprise itself;"[12] the two must be distinct.  Accordingly, a plaintiff must plead that the RICO "person" who commits the predicate acts is separate and distinct from the enterprise.[13]

It is therefore insufficient to allege only that a defendant corporation, acting through its agents, committed predicate acts in the course of its own business.[14]

---

[8] *Abraham v. Singh*, 480 F.3d 351, 354–55 (5th Cir. 2007).

[9] *Id.* (cleaned up).

[10] 18 U.S.C. § 1962.

[11] *St. Paul Mercury Ins. v. Williamson*, 224 F.3d 425, 447 (5th Cir. 2000) (cleaned up).

[12] *RJR Nabisco v. European Cmty.*, 579 U.S. 325, 343 (2016).

[13] *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003).

[14] *Old Time Enterprises, Inc. v. Int'l Coffee Corp.,* 862 F.2d 1213, 1217 (5th Cir.1989).

Instead, the complaint must allege a meaningful separation between the liable person and the enterprise.[15]

Here, the PBB Group's complaint defined the Gulati Enterprise as an association-in-fact RICO enterprise, which consisted of only Mahadev and Gulati. But Gulati is the *potential* owner and director of Mahadev.[16]  By defining the Gulati Enterprise as consisting of only Mahadev and Gulati, the PBB Group has failed to show that the RICO enterprise is separate and distinct from the persons who committed the predicate act.  PBB Group failed to allege facts that the enterprise is more than an association of entities conducting the normal affairs of Mahadev.  So PBB Group's claim fails on element one.

## 2.  RICO Enterprise

Defendants next argue that PBB Group insufficiently plead an association-in-fact enterprise because PBB Group did not plead an enterprise purpose separate from the alleged predicate acts. The Court agrees.

A RICO enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."[17]  An association-in-fact enterprise, is "simply a continuing unit that functions with a common purpose."[18]

---

[15] *Id.*

[16] The ownership of Mahadev is a disputed issue in the underlying state court litigation.

[17] 18 U.S.C. § 1961.

[18] *Boyle v. United States*, 556 U.S. 938, 948 (2009).

5

To qualify, the enterprise must possess some form of hierarchical or consensual decision-making structure and must exist for purposes beyond merely committing predicate acts.[19]  It also must have an ongoing organization or function as a continuing unit, such that it has an existence that can be defined apart from the commission of the predicate acts.[20]

In assessing whether sufficient continuity exists, courts look to whether the alleged association-in-fact enterprise has (1) a common purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit the associates to pursue that purpose.[21]

PBB Group alleges "the purpose of [the Gulati Enterprise] was to misappropriate Plaintiff's funds, divert Plaintiff's inventory, launder illicit proceeds, and seize control of Plaintiff's business operations."[22]  But this stated purpose directly aligns with the alleged predicate acts.  So it cannot support the basis of a RICO enterprise.

Moreover, the complaint defined the Gulati Enterprise as consisting of only Gulati and Mahadev.  And the only facts provided by PBB Group about Mahadev was (1) that Gulati used Mahadev's name to open a bank account and misappropriate PBB Group's funds and (2) that Gulati used Mahadev to fraudulently secure

---

[19] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019).

[20] *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 562 (5th Cir. 2015).

[21] *Boyle,* 556 U.S. at 946.

[22] Doc. 1 at 8 ¶ 40

6

financing.  Because the pled facts do not support an enterprise between Gulati and Mahadev apart from the predicate acts, the complaint fails to plead RICO enterprise.

### 3. Operation or Management of the RICO Enterprise

Next, the Court considers whether PBB Group sufficiently alleges that each Defendant participated in the operation or management of the RICO enterprise.

Under § 1962(c), a defendant must "conduct or participate, directly or indirectly," in the conduct of the enterprise.[23]  So a plaintiff must set forth facts plausibly establishing that the defendant "participated in the operation or management of the enterprise itself," meaning that the defendant had "some part in directing the enterprise's affairs."[24]  This requires supervisory involvement.[25]

Here, the complaint does not allege sufficient facts to support that *each* Defendant participated in the operation or management of the enterprise.

As to Gulati, PBB Group alleges that Gulati assumed employment with PBB Group to gain access to confidential financial information and resources, which he then used to form and control the enterprise.  PBB Group alleges that Gulati fabricated bylaws, engaged in wire fraud, made fraudulent transactions, hired laborers, diverted products, and restricted access to accounting systems.  These allegations sufficiently support a plausible inference that Gulati participated in the operation and management of the enterprise.

---

[23] 18 U.S.C. § 1962(c)

[24] *Reves v. Ernst & Young*, 507 U.S. 170, 179, 183 (1993).

[25] *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 717 (N.D. Tex. 2018); *Allstate Ins. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015).

But the factual allegations about Mahadev are sparse.  Namely, the complaint only alleges that Gulati opened a bank account in Mahadev's name to divert funds, that Mahadev was used to secure fraudulent financing, and that Defendants, including Mahadev, misappropriated PBB Group's trade name and financial data. These facts do not support the inference that Mahadev had some part in directing the operations of the RICO enterprise.

PBB Group's only asserted fact on Guru Jii, is that Guru Jii, along with Gulati and Kaur, used Mahadev to secure fraudulent financing.  Again, this allegation fails to plausibly describe Guru Jii exercising *any* decision-making authority or directing the RICO enterprise's activities.

Finally, PBB Group's allegations as to Combs are insufficient because it only alleges that Combs served as a bookkeeper and "manipulated accounts."  The additional facts alleged in the response brief *may* support decision-making authority, but are better suited for an amended complaint, not a response to a motion to dismiss.[26]

## 4. **Fraudulent Predicate Acts**

Defendants argue that PBB Group did not plead a pattern of racketeering because it did not meet the heightened pleading standard with respect to the mail, bank, and wire fraud predicate and did not sufficiently allege that each defendant acted with the requisite fraudulent intent. As explained below, the Court agrees as to some of the predicate acts.

---

[26] *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

Fraud is subject to a heightened pleading standard and requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake."[27]   But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[28]  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[29]   Put simply, "Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."[30]   The Rule 9(b) requirement that fraud claims be pleaded with particularity applies to pleadings of fraud as predicate acts in a RICO claim.[31]

PBB Group has alleged 19 total predicate acts where 10 of the predicate acts were mail, wire, or bank fraud.

But PBB Group failed to meet Rule 9(b)'s heightened pleading standard for other fraud based predicate acts.  Predicate Act No. 10 consists only of a conclusory statement that Gulati participates in self-dealing by installing his own entity as a vendor to ABC Wholesale and therefore does not meet the heightened pleading standard of Rule 9(b).  Predicate Acts Nos. 11, 14, and 15 similarly fail.  Predicate Act No. 11 alleges only that Gulati purchased vape products on behalf of ABC Wholesale; Predicate Act No. 14 alleges only that Gulati withdrew funds from PBB Products and

---

[27] See FED. R. CIV. P. 9(b)

[28] *Id.*

[29] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (cleaned up).

[30] *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (cleaned up).

[31] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992).

funneled them to a different entity; and Predicate Act No. 15 alleges only that $1.44 million was missing from PBB Group accounts. These identified predicate acts do not satisfy Rule 9(b). The Court finds that the remaining fraud-based predict act allegations not covered here meet the particularity requirements of Rule 9 and PBB Group sufficiently alleged other nonfraudulent predicate acts.

### 5. Pattern of Racketeering

Additionally, to plead a claim PBB Group must allege a pattern of racketeering activity. PBB plausibly alleges closed-ended continuity.

To plead a pattern of racketeering activity under RICO, a plaintiff must allege "that the predicates themselves amount to, or otherwise constitute a threat of, *continuing* racketeering activity."[32] "'Continuity' is both a closed and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."[33] A closed-ended continuity can be demonstrated through a series of related predicate acts over a substantial period of time.[34] "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement[.]"[35]

Defendants contend that PBB Group has failed to plead either open-ended or closed ended continuity. But PBB Group has plausibly alleged closed-ended

---

[32] *H.J. Inc. v. Northwest Bell Tel. Co.*, 492 U.S. 229, 240, (1989) (emphasis in original).

[33] *Id.* at 241.

[34] *Id.* at 242.

[35] *Id.*

continuity by alleging several related predicate acts committed against PBB Group over a substantial period of time—approximately three years.

### 6. Causation and Standing

Defendants argue that PBB Group lacks standing to bring its RICO claims because the complaint contained insufficient factual allegations demonstrating a causal relationship between the predicate acts and injuries.  The Court disagrees.

RICO provides civil remedies to "[a]ny person injured in his business or property by reason of a violation of section 1962."[36]  At this stage, a plaintiff must plead 1) an injury to business or property, and 2) causation.[37]  "An injured party must show that the violation was the but-for and proximate cause of the injury."[38]  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."[39]  "The plaintiff's injury must be 'conclusive' and cannot be 'speculative.'"[40]

PBB Group alleges, through the various predicate acts, that Defendants have caused it economic loss through misappropriation of company funds and stolen store products.  PBB Group has adequately alleged plausible facts to all for a reasonable inference that Defendants predicate acts have directly caused its injury.  Accordingly, the Court denies this basis for dismissal.

---

[36] 18 U.S.C. § 1964(c).

[37] *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998).

[38] *Plambeck*, 802 F.3d at 676.

[39] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[40] *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 409 (5th Cir. 2015) (cleaned up).

## B. Count II – 18 U.S.C. § 1962(d)

Defendants contend that PBB Group has failed to allege sufficient facts to support the PBB Group's § 1962(d) claim.

To state a claim under § 1962(d), a plaintiff must allege sufficient facts to support an inference "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense."[41]

Defendants bring forward two arguments in support of dismissing the § 1962(d) claim: 1) PBB Group's substantive RICO claim fails and 2) PBB Group pled insufficient facts to support an inference of a RICO conspiracy agreement. The Court takes each argument in turn.

First, because PBB Group failed to state viable RICO claim under § 1962(c), its § 1962(d) claim cannot stand. The "failure to plead the requisite elements of . . . a § 1962(c) violation implicitly means that [a plaintiff] cannot plead a conspiracy to violate either section."[42] So PBB Group's failure to plead a § 1962(c) violation is fatal to its § 1962(d) claim.

Second, PBB Group has pled insufficient facts to support an inference of a RICO conspiracy agreement.

"[T]he core of a RICO civil conspiracy is an agreement to commit predicate acts," so the complaint must "allege specifically such an agreement."[43]  "[A] person

---

[41] *United States v. Sharpe*, 193 F.3d 852, 869 (5th Cir. 1999) (cleaned up).

[42] *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 930 (5th Cir. 2002) (cleaned up).

[43] *Tel-Phonic,* 975 F.2d at 1140.

cannot be held liable for a RICO conspiracy merely by evidence that he associated with other . . . conspirators or by evidence that places the defendant in a climate of activity that reeks of something foul."[44]  "A conspirator must at least know of the conspiracy and 'adopt the goal of furthering or facilitating the criminal endeavor.'"[45]

PBB Group alleged only conclusory facts to support the existence of an agreement between any of the Defendants to commit the predicate acts.  So the Court must dismiss the claim.

### C.  Counts III-VII –Criminal Claims

Next, Counts III-VII must be dismissed because the state and federal statutes do not confer a private right of action.  Without a private right of action, the Court must dismiss with prejudice because amendment would be futile.[46]  Accordingly, the Court **DISMISSES WITH PREJUDICE** Counts III–VII.[47]

### D. Motion for Abstention

Lastly, the Court considers Defendants' request to dismiss the claims for *Colorado River* abstention.  The Court does not find that the circumstances of this action warrant dismissal under *Colorado River*, but a stay is appropriate.

Under the abstention doctrine, federal courts may postpone resolution of decisions properly before the Court if they might turn on issues of state law already

---

[44] *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010) (cleaned up).

[45] *Id.* (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)).

[46] *Smith v. Cotton Bros. Baking Co.*, 609 F.2d 738, 743 (5th Cir. 1980).

[47] PBB Group's Amended complaint does not need to "strike all references" to the criminal counts but cannot maintain the criminal claims as independent causes of action for this civil lawsuit.

pending before the state court.[48]  This "is likely to lessen friction in a federal-state relationship, interference with important state functions, and tentative decisions on questions of state law."[49]  "[A]bstention does not involve the abdication of federal jurisdiction, but only the postponement of its exercise."[50]  The *Colorado River* abstention doctrine "applies when suits are parallel, having the same parties and the same issues."[51]  Under this doctrine, the district court should abstain only in exceptional circumstances.[52]  And it should consider the following factors in determining whether exceptional circumstances are present:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[53]

The Court will consider each factor in turn.

First, the state court has assumed jurisdiction over a res in this case; namely, the state court has issued an injunction as to Mahadev.  Thus, this factor favors a stay.  The second factor supports exercising federal jurisdiction.  Both the state court

---

[48] *Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293, 298 (5th Cir. 1974).

[49] *Id.*

[50] *Id.*

[51] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

[52] *Colorado River Water Conservation Dist.,* 424 U.S. at 813.

[53] *Kelly Inv., Inc. v. Continental Common Corp.,* 315 F.3d 494, 497 (5th Cir. 2002).

14

and federal court involved are located in Dallas, Texas.  "When courts are in the same geographic location, the inconvenience factor weighs against abstention."[54]

The third and fourth factors weigh in favor of abstention.  The third factor seeks to prevent piecemeal litigation and inconsistent rulings.[55]  Here, the claims asserted in the action before the Court are related to the declaratory judgment action and other claims already pending in state court.  The state court action requests a declaration that resolves the ownership of Defendant Mahadev and contains claims about the very predicate acts that underlie this RICO case.  Thus, if this action continued unabated, the risk of inconsistent rulings could be very real.  In addition, the fourth *Colorado River* factor considers the sequence in which jurisdiction was obtained.  The state court action is further along because there is an injunction, the parties have answered and filed counterclaims, and discovery has started.  Therefore, this factor weighs in favor of abstention.

The fifth and sixth factors can only be neutral or weigh against abstention.[56] Here, they are both neutral.  The fifth factor, whether and to what extent federal law controls the merits decision, is neutral because the claims asserted in the federal action arise under both state and federal law.  And while RICO is a federal law, the predicate acts alleged are violations of both state and federal law.  Likewise, the sixth factor is neutral because there is no indication that the Texas state courts would inadequately protect PBB Group's interests.

---

[54] *Stewart*, 438 F.3d at 492.

[55] *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 800 (5th Cir. 2014).

[56] *Id.* at 800–01.

To summarize, three of the six *Colorado River* factors weigh in favor of abstention, two are neutral, and only one weighs against abstention. And the third factor favors a stay, which is the most important factor[57] given that the *Colorado River* abstention doctrine is based on wise judicial administration[58] and principles of federalism, comity, and conservation of judicial resources.[59]

Accordingly, the Court **STAYS** this action while the related action is pending in state court. Once the parties have a judgment from the state court, PBB Group is given leave to file an amended complaint curing the deficiencies identified above. The parties **SHALL** file a joint status report regarding the state court case every 6 months from the date of this order.

## IV. Conclusion

Accordingly, the Court **GRANTS** the motion to dismiss. The Court **DISMISSES WITHOUT PREJUDICE** the RICO Counts and **DISMISSES WITH PREJUDICE** the criminal law counts. Additionally, the Court **STAYS** this case pending the resolution of the underlying state court case.

**IT IS SO ORDERED** this 8th day of May, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[57] *See Stonewater Adolescent Recovery Ctr. v. Lafayette Cnty., Mississippi*, No. 3:19-CV-00231-GHD-RP, 2020 WL 1817302, at *4 (N.D. Miss. Apr. 9, 2020) (citing *Colorado River Water Conservation Dist.,* 424 U.S. at 819).

[58] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994).

[59] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).